UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21889-RAR

**OLUFOLAYINKA DADA,**

    Plaintiff,

v.

**ANDREW M. YOUNG,**
*CFO CAPITAL ONE,*

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on May 22, 2023. *See* Compl. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 ("IFP Application"). [ECF No. 3]. Upon screening this Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and is frivolous in nature. Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice*.

## LEGAL STANDARD

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.") (citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. *Id.* "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). And to state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Here, Plaintiff's conclusory "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" fails to even formulaically recite the elements of a cause of action under § 1983. *See* Compl. at 1–3. Plaintiff's form Complaint alleges that "Capital One closed all principal accounts (3) without notice." *Id.* at 2. Plaintiff alleges, "[t]his has jeopardize [sic] my financial stability and hindered my ability to take adequate care of my family." *Id.* Plaintiff further alleges that "[s]everal payment[s] provided info of bill of exchange were not honored [sic]." *Id.* Plaintiff seeks, as relief, "[h]elp me get clarity for Andrew M. Young and Capital why the payments were not honored [sic]." *Id.* Plaintiff further requests "help [because] I believe this activity by capital will constitute breach of fiduciary duty and I am asking the court to help" and "seeking the Court help to protect the estate m [sic] your fiduciary role." *Id.* Defendant is Andrew M. Young, who Plaintiff contends is the CFO of Capital One, but has no alleged state or local government role. *See id.* at 1. There are no other allegations contained in the Complaint. *Id.*

"Section 1983 plaintiffs must establish both deprivation of a right secured by the United States Constitution or federal laws and action by a defendant under color of state law." *Motes v. Myers*, 810 F.2d 1055, 1058 (11th Cir. 1987) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 155 (1970)). The scope of § 1983 is purposely limited to "[exclude] from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). A person "acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In *very limited* circumstances, a private individual may be liable under § 1983 if her actions can "properly [be] attributed to the state." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263,

1277 (11th Cir. 2003). Plaintiffs satisfy the state action requirement in claims against private defendants only when they can establish that a defendant "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Lloyd v. Card*, 283 F. App'x 696, 699 (11th Cir. 2008) ("A private person is considered a state actor if the state coerced or 'significantly encouraged' the private person to act, the action was traditionally performed by a state official . . . the state was a joint participant in the action[, or the private person] . . . conspired with state officials to commit the alleged constitutional violation." (citations omitted)).

Here, Plaintiff fails to advance any factual support whatsoever as to how the alleged closure of his bank accounts could plausibly establish a claim under § 1983. Not only does Plaintiff wholly fail to allege facts establishing that Defendant Andrew M. Young should be considered a state actor for purposes of a § 1983 claim—he further fails to allege any facts to show that Defendant deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (explaining that to state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States). Section 1983 is not "itself a source of substantive rights"; rather, it provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Plaintiff's claim involves the closure of Plaintiff's bank accounts at Capital One. It does not involve a violation of Plaintiff's federal constitutional rights or the violation of a right secured by federal law.

Finding that the Complaint fails to state a claim for relief under §1983, the Court next considers whether the Complaint establishes diversity jurisdiction. "For federal diversity

jurisdiction to attach, all parties must be completely diverse, and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (internal citations omitted). Here, the Complaint alleges that Plaintiff is a citizen of Florida, but the Complaint does not allege Defendant's citizenship nor the amount in controversy. Accordingly, the Court cannot determine whether diversity jurisdiction exists.

In sum, Plaintiff's Complaint on its face fails to state a claim for relief under § 1983 or allege diversity jurisdiction and the Court therefore lacks subject matter jurisdiction to adjudicate this claim. The allegations lack arguable merit in either law or fact. Thus, although ordinarily this Court would grant a *pro se* litigant at least one opportunity to amend his complaint before dismissal, the Court finds that an amendment would be futile in this case because the Complaint is frivolous and does not even approximate an actionable claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice*. Plaintiff's IFP Application, [ECF No. 3], is **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of May, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Olufolayinka Dada, *pro se*